**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **DENISE GENTRY**<br>12142 Pawtuckett Lane<br>Waldorf, MD 20602<br><br>  Plaintiff<br><br>  v.<br><br>**ROBERT WILKIE**<br>**SECRETARY, DEPARTMENT OF**<br>**VETERANS AFFAIRS**<br>810 Vermont Avenue, NW<br>Washington DC 20420<br><br>  Defendant | Case No.: 18-2138<br><br>JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff Denise Gentry, by and through counsel, hereby files this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, against Defendant Robert Wilkie, Secretary, U.S. Department of Veterans Affairs.

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq.*

2. Plaintiff has exhausted all administrative remedies prior to filing suit.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant may be found in this judicial district.

1

**PARTIES**

4. Plaintiff Denise Gentry is female in her mid-50s (07/1961) and a resident of the State of Maryland.

5. Robert Wilkie (hereinafter "Defendant" or the "Agency") is the Secretary of the U.S. Department of Veterans Affairs ("VA"), an administrative agency of the United States government and an "employer" within the meaning of the statutes under which Plaintiff brings her claims.

**FACTUAL ALLEGATIONS**

6. Plaintiff Gentry has been in the federal service since 1989. She began federal employment at the Department of Interior and transferred to the Department of Veterans Affairs Police Service in 2000. She was hired as a GS-083-7 Police Officer and was promoted to GS-083-8 Lead Police Officer/Sergeant in 2005. Throughout her employment Plaintiff met and/or exceeded the performance expectations for her positions and received exceeds expectations performance appraisals.

7. Plaintiff Gentry is currently employed as a Lead Police Officer/Sergeant at the Washington, DC Veterans Affairs Medical Center and works the overnight shift from 6 p.m. to 6 a.m. Most of the police officers are male and she is the only female Sergeant in her division. Since her promotion to Lead Police Officer, Plaintiff has applied for several promotional opportunities to the position of Supervisor Police Officer GS-083-9, and all of the promotional opportunities have been filled by younger male police officers. William Nesbitt, an African American male and GS-083-07 Police Officer was promoted to Supervisor Police Officer (Lt/Captain) GS-083-9/10; Erik Stone, a Caucasian male and GS-083-07 Police Officer was promoted to Supervisor Police Officer (Lt/Captain) GS-083-9/10; Alexander Negretti, a

Caucasian male, was hired as a grade 10 Supervisor K9 Trainer; Biran Toyloy and Ronald Wilson, both African American men, were both hired as GS-083-07 Police Officers, and they were promoted within one year to Supervisor Police Officers without the Agency posting the vacancy announcements for the positions; Andrew Miller, Tywan Singleton, Alfred Coburn, and a Supervisor Police Officer Robinson all transferred to the VAMC and were placed in grade 10 positions; Luis Rodriguez-Soto, a Hispanic male, was hired as a GS-083-07 and promoted to GS-083-08 in June 2016 and received a temporary promotion to Supervisor Police Officer, GS-083-09 for 120 days but was permitted to remain in the position for six months, and was promoted to Captain/Supervisor Police Officer in July 2017. Some male employees were selected for positions and/or promoted over Plaintiff Gentry, despite having no performance history at the Agency and some even had disciplinary actions taken against them. For example, Luis Rodriguez-Soto was suspended for sleeping on duty in June 2016 but was still promoted over Plaintiff Gentry, who has never had any disciplinary actions taken against her.

8.  In 2012, Chief Jerry Brown, Plaintiff Gentry's then-supervisor, posted a Vacancy Announcement for the position of Captain. Plaintiff Gentry interviewed for the position but she told Chief Brown that she was not interested in a Training Instructor position, but a Watch Commander position. Chief Brown then reposted the position and Plaintiff Gentry reapplied. The vacancy required Plaintiff Gentry to go to firearms instructor school within a year of obtaining the position. Plaintiff Gentry's father became terminally ill during this period and she informed Chief Brown that she might not be able to attend the firearms instructor program. Chief Brown threatened her with demotion if she did not attend so she attended the training. Her father passed away the first day of training. During the course, Plaintiff Gentry missed one of the running time requirements by one minute, and she explained to Chief Brown that she was not in the best

3

mental condition due to her father's passing and asked for another opportunity to attempt the running time assignment. However, Chief Brown demoted Plaintiff Gentry back to a GS-8 Sergeant position.

9. Soon after her demotion in 2013, Chief Brown hired two new Captains. They were not required to go to firearm instructor training. Indeed, the position has been posted approximately seven times since her demotion and none of the vacancies required firearms instructor training and all seven people promoted were males.

10. In 2013, Plaintiff Gentry filed a Union grievance and claimed discrimination regarding her demotion. The charge was mediated and Chief Brown promised to correct the issue and promote Plaintiff Gentry, but he never did.

11. Near the end of 2015, Chief Brown was removed from his position due to numerous complaints against him and Elton Artis became the temporary Chief. Chief Artis decided to rotate the four Sergeants into an Acting Lieutenant position to determine who was the best fit. Luis Rodriguez-Soto, a Hispanic male from Puerto Rico and the day-time Sergeant was first placed into the Acting Lieutenant position, but the Agency never removed him from the position. The other Sergeants complained about the special treatment to no avail. However, Chief Artis stated that if the Captain position became available it would be open for everyone to compete.

12. In March 2016, Plaintiff Gentry was placed in the Acting Lieutenant position. She met all performance expectations while in the Acting position and there were no complaints received about her performance or conduct.

13. In April 2017, Tony Hebert became the Chief, Police Service. At a meeting on April 6, 2017, he informed all officers that the Agency would be filling Sergeant positions. The

positions became available in May 2017 and Vacancy Announcements were posted in the Police Control Room. The Agency has always followed the practice of posting Vacancy Announcements in the Police Control Rooms so officers on the day and overnight shifts could see the Vacancy Announcements.

14. On Friday, May 26, 2017, the last business day before the Memorial Day holiday weekend, the Agency opened two vacant Supervisor Police Officer/Captain positions, GS-083-9/10. The vacancy closed on Wednesday, May 31, 2017. Plaintiff Gentry did not realize that there had been positions open until she learned that interviews were being conducted for the Captain position. At the time, Plaintiff Gentry was working on a 120 day Supervisor rotation into the position. Plaintiff Gentry worked the overnight shift on Thursday, May 25, 2017 and got off work at 6 a.m. on Friday, May 26, 2017, before the opening of the positions. Plaintiff Gentry returned to work Monday evening, May 29, 2017 at 6 p.m., which was a holiday and no administrative personnel were present. She returned to work Tuesday evening, May 30, 2017 and worked through the morning of Wednesday, May 31, 2017 to 6 a.m. Plaintiff Gentry was not informed by email or any supervisors or the day shift personnel about the open positions, and therefore did not apply for the promotions. Three individuals applied for the positions, all younger males, including the two day Sergeants and one officer who worked at a different VA location and had just completed school. The Vacancy Announcement was for two positions but the Agency selected three male employees for the Captain position, including Alfred Coburn, who previously worked for Chief Hebert at another VA facility. Coburn likely learned about the position from Chief Hebert, who did not notify Plaintiff Gentry.

15. Plaintiff Gentry timely filed an EEO claim alleging discrimination based on her gender and a pattern of discrimination in promotions and hirings at the Agency. Plaintiff Gentry

exhausted all administrative remedies and the Agency issued a Final Agency Decision finding that it did not discriminate against Plaintiff Gentry.

### Count I

**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. § 2000e *et seq.***
**(Discrimination based on sex/gender)**
**(Disparate Treatment)**

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully stated herein.

17. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

18. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

19. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

20. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant knowingly and intentionally subjected Plaintiff to discrimination based on her sex/gender when she was subjected to a pattern of discriminatory hiring and promotion practices as detailed above, including only promoting younger male applicants to the position of Captain; requiring Plaintiff Gentry to complete firearm training for a position and demoting her when she did not but excusing male officers from the same requirements; promoting an employee with a disciplinary history; and changing personnel practices to promote male applicants, including

filling positions without vacancy announcements and not announcing positions to all applicants or posting vacancy announcements in the Police Control Room for the Captain position in May 2017. In addition, Defendant excluded Plaintiff Gentry from the selection process for the Captain position in July 2017, by deviating from normal practices of posting vacancy announcements and notifying certain officers and an individual employed outside of the Agency about the vacant position but not notifying Plaintiff Gentry; reducing the period to apply for the position to two business days; and hiring three younger, male applicants for the positions.

21. As a result of such acts, Plaintiff has suffered damages.

## Count II

**Violation of the Age Discrimination in Employment Act**
**29 U.S.C. § 633a**
**(Discrimination based on Age)**
**(Disparate Treatment)**

22. Plaintiff incorporates by reference paragraphs 1 through 21 as if fully stated herein.

23. The Age Discrimination in Employment Act, 29 U.S.C. § 633a, provides that, in executive agencies of the United States, all personnel actions affecting employees or applicants for employment who are at least 40 years of age shall be free from discrimination based on age.

24. At all pertinent times, the Defendant was an employer subject to provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

25. At all pertinent times, Plaintiff was an employee entitled to protection under the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

26. In violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a, Defendant knowingly and intentionally subjected Plaintiff to discrimination based on her age when she was subjected to a pattern of discriminatory hiring and promotion practices as detailed

above, including only promoting younger male applicants to the position of Captain; requiring Plaintiff Gentry to complete firearm training for a position and demoting her when she did not but excusing male officers from the same requirements; promoting an employee with a disciplinary history; and changing personnel practices to promote male applicants, including filling positions without vacancy announcements and not announcing positions to all applicants or posting vacancy announcements in the Police Control Room for the Captain position in May 2017. In addition, Defendant excluded Plaintiff Gentry from the selection process for the Captain position in July 2017, by deviating from normal practices of posting vacancy announcements and notifying certain officers and an individual employed outside of the Agency about the vacant position but not notifying Plaintiff Gentry; reducing the period to apply for the position to two business days; and hiring three younger, male applicants for the positions.

27.     As a result of such acts, Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE and for the foregoing reasons, Plaintiff respectfully prays as follows:

a.      Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Age Discrimination in Employment Act, 29 U.S.C. § 633a;

b.      Enjoin Defendant from discriminating against employees based on their sex, gender and age;

c.      Award Plaintiff retroactive promotion to the Supervisor Police Officer/Captain position, GS-083-9/10, and all available damages, including compensatory damages for emotional distress and hardship created by the Defendant's discrimination;

  d.  Award payment of all fees, costs, expenses, including attorneys' fees and expert fees; and

  e.  Award Plaintiff such other relief as to which she may be deemed entitled.

            Respectfully submitted,

            _____/s/_____
            David A. Branch #438764
            Law Office of David A. Branch &
            Associates, PLLC
            1828 L Street NW, Suite 820
            Washington, DC 20036
            (202) 785-2805 phone
            (202) 785-0289 fax
            davidbranch@dbranchlaw.com

## **JURY TRIAL**

Plaintiff requests a trial by jury on all issues that are triable by jury.